IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIEJEA FRANKLIN STERN,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-3927 |
| : | |
| **SCI PHOENIX,** : | |
|     Defendant. : | |

## MEMORANDUM

**HODGE, J.**                                                                                     **DECEMBER 7, 2023**

Plaintiff Niejea Franklin Stern, a convicted prisoner[1] currently incarcerated at SCI Phoenix who is proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights based on events that occurred at SCI Phoenix. Currently before the Court are Stern's Amended Complaint[2] ("AC" (ECF No. 7)), his Motion for Leave to Proceed *in Forma Pauperis*, and his prisoner trust fund account statement. (ECF Nos. 1, 3.)

---

[1] Stern checked a box indicating that he is a civilly committed detainee. (Amended Complaint, ECF No.7, at 4.) However, the publicly available docket reflects that on March 16, 2016, Stern was found guilty on charges of criminal homicide and possession of a firearm. *Commonwealth v. Stern*, No. CP-22-CR-5134-2014 (C.P. Dauphin). He was subsequently sentenced to a term of life imprisonment. (*Id.*).

[2] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

Stern asserts claims against SCI Phoenix. For the following reasons, the Court will grant Stern leave to proceed *in forma pauperis* and dismiss his AC with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL ALLEGATIONS[3]

Stern's allegations are brief. He alleges that on January 1, 2023, his personal property was lost when he moved from one prison to another. (AC at 4.) He requests an award of money damages. (*Id* at 5.)

## II. STANDARD OF REVIEW

The Court will grant Stern leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366,

---

[3] The allegations set forth in this Memorandum are taken from Stern's AC (ECF No. 7). The Court adopts the pagination assigned by the CM/ECF docketing system.

[4] Because Stern is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Stern is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

Since Stern used the form complaint for use by a prisoner to raise a civil rights claim, the Court understands Stern to be asserting a constitutional claim based on the loss of his personal property.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. §1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Stern's AC, as pled, is not plausible.

Stern names only one Defendant – SCI Phoenix.  However, states are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  Since SCI Phoenix is a prison within Pennsylvania's Department of Corrections, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983.  *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the

Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). The Court will therefore dismiss the claims against SCI Phoenix with prejudice.

Furthermore, leave to amend will not be granted. Regardless of the named defendant, a prisoner in Pennsylvania cannot state a constitutional claim based on the loss of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Because any attempt to amend the constitutional claim based on lost property would be futile, Stern's Complaint is dismissed with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that complaints under the PLRA should be dismissed with leave to amend "unless amendment would be inequitable or futile.").

An Order follows, which shall be docketed separately.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

**KELLEY BRISBON HODGE, J.**